IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES MADDEN, INDIVIDUALLY AND AS THE FATHER AND REPRESENTATIVE OF THE ESTATE OF RASHAD MADDEN AND SHABREEKA KENNEDY AS NEXT FRIEND OF MINOR CHILD, M.M., <br><br> Plaintiffs, <br><br> v. <br><br> JASON GIBBON, DUDLEY NOSWORTHY, OTHER JOHN DOE DALLAS POLICE OFFICERS, AND THE CITY OF DALLAS, TEXAS, <br><br> Defendants. | § § § § § § § § § § § § § § § § § Civil Action No. 3:21-CV-01168-S |

---

### DEFENDANTS JASON GRIBBON AND DUDLEY NOSWORTHY'S
### MOTION FOR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY

---

TO THE HONORABLE COURT:

Defendants Officer Jason Gribbon and Sergeant Dudley Nosworthy (collectively, "the Officers"), pursuant to Rule 56 of Civil Procedure and Local Civil Rule LR 56.3, file this motion for summary judgment based upon qualified immunity as to all claims alleged against them by Plaintiffs. Officers separately file their supporting brief (ECF No. 39) and appendix (ECF No. 39-1) in accordance with Local Civil Rules LR 56.5 and LR 56.6.

### I.   SUMMARY OF CLAIMS AND DEFENSES

Plaintiffs asserts one claim against the Officers: a 42 U.S.C. § 1983 claim alleging excessive force against decedent Rashad Madden.

1

In this motion, the Officers seek summary judgment on all claims against them. The Officers assert the affirmative defense of qualified immunity in response to the 42 U.S.C. § 1983 claims against them. Per Local Civil Rule LR 56.3 ("Content of Motion"), the elements of each claim or defense as to which the Officers seek summary judgment are set forth in their supporting brief (ECF No. 39).

## IV.     RELEVANT PROCEDURAL HISTORY

This case arises from the August 2019 death of Rashad Madden, who died due to the toxic effects of cocaine and other drugs following his arrest. Plaintiffs originally filed this lawsuit on May 21, 2021 (ECF No. 1).[1] On October 20, 2021, the Court stayed all discovery in the lawsuit except for discovery limited to the Officers' qualified immunity defenses. (ECF. No. 25) The active pleading is Plaintiffs' Second Amended Complaint. (ECF No. 19.)   The Court set a February 18, 2022 deadline (ECF No. 25) for dispositive motions on the defense of qualified immunity, and extended that deadline on the Defendants' motions to March 18, 2022 (ECF Nos. 36, 37). This case is currently set for trial on this Court's three-week docket beginning April 24, 2023.  (ECF No. 25.)

## V.     SUMMARY OF UNDISPUTED FACTS

Pursuant to Local Rule LR 56.3(b), the Officers' summary of undisputed facts is included in their supporting brief (ECF No. 39).

## VI.     PRAYER FOR RELIEF

WHEREFORE, Defendants Jason Gribbon and Dudley Nosworthy respectfully request that the Court grant their motion for summary judgment based on qualified immunity; dismiss with

---

[1] Plaintiffs' claims against the City are currently pending a Motion to Dismiss.  (Doc. No. 31.)

prejudice all of Plaintiffs' claims against them; enter judgment in their favor on all claims; and grant them all other relief that is consistent with this motion.

    Respectfully submitted,

    CITY ATTORNEY OF THE CITY OF DALLAS

    Christopher J. Caso
    City Attorney

    s/ *J. Cheves Ligon*_____
    J. Cheves Ligon
    Senior Assistant City Attorney
    Texas State Bar No. 24070147
    john.ligon@dallascityhall.com

    Lindsay Wilson Gowin
    Senior Assistant City Attorney
    Texas State Bar No. 241114001
    lindsay.gowin@dallascityhall.com

    Devin Q. Alexander
    Senior Assistant City Attorney
    Texas State Bar No. 24104554
    devin.alexander@dallascityhall.com

    7DN Dallas City Hall
    1500 Marilla Street
    Dallas, Texas 75201
    Telephone:   214-670-3519
    Facsimile:   214-670-0622

    *Attorneys for Defendants City of Dallas, Jason Gribbon, and Dudley Nosworthy*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 18, 2022, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send notification to case participants registered for electronic notice. I further certify that to the extent applicable I have served all case participants not registered for electronic notice by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

s/ *J. Cheves Ligon*
Senior Assistant City Attorney
