IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES MADDEN, INDIVIDUALLY AND AS THE FATHER AND REPRESENTATIVE OF THE ESTATE OF RASHAD MADDEN AND SHABREEKA KENNEDY AS NEXT FRIEND OF MINOR CHILD, M.M., <br><br>Plaintiffs, <br><br>v. <br><br>JASON GRIBBON, DUDLEY NOSWORTHY, OTHER JOHN DOE DALLAS POLICE OFFICERS AND THE CITY OF DALLAS, TEXAS <br><br>Defendants. | § § § § § § § § § § § § § § § § § § | Civil Action No. 3:21-CV-01168-S |

**PLAINTIFFS' RESPONSE AND BRIEF IN SUPPORT TO DEFENDANTS DUDLEY NOSWORTHY AND JASON GRIBBON'S BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY**

TO THE HONORABLE COURT:

The Plaintiffs, James Madden, individually and as the father and representative of the Estate of Rashad Madden and Shabreeka Kennedy as next friend of minor child, M.M. (hereinafter collectively referred to as " Plaintiffs") files this their response to Defendants Dudley Norsworthy and Jason Gribbon's (hereinafter collectively referred to as "Defendants") Brief in Support of their Motion for Summary Judgment based on Qualified Immunity ("Motion") and would respectfully demonstrate to the Court as follows.

1

Respectfully submitted,

**MONTGOMERY LAW, PLLC**
/s/ *Sadat Montgomery*
**Sadat Montgomery**
Texas Bar No. 24079893
2777 North Stemmons Freeway, Suite 1525
Dallas, Texas 75207
E-mail: lit@montgomeryfirm.com
Tel: (214) 720-6090
Fax: (877) 669-8520

**ATTORNEY IN CHARGE FOR PLAINTIFFS JAMES MADDEN INDIVIDUALLY AND AS THE FATHER AND REPRESENTATIVE OF THE ESTATE OF RASHAD MADDEN AND SHABREEKA KENNEDY AS NEXT FRIEND OF MINOR CHILD, M.M.**

## CERTIFICATE OF SERVICE

      I hereby certify that on April 22, 2022, I electronically filed the foregoing document with the clerk of court of the U.S. District Court, Northern District of Texas, using the CM/ECF electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" notification to all case participants registered for electronic notice, including all *pro se* parties and/or attorneys of record who consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Sadat Montgomery*
**Sadat Montgomery**

**TABLE OF CONTENTS**

PLAINTIFFS' RESPONSE AND BRIEF IN SUPPORT TO DEFENDANTS DUDLEY NOSWORTHY AND JASON GRIBBON'S BRIEFIN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

TABLE OF AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.   SUMMARY OF RESPONSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.  BRIEF FACTUAL SUMMARY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.  Applicable Legal Standards for Summary Judgment Motions. . . . . . . . . . . . . . . . . .5

    B.  Defendants' actions, together with other officers at the scene, caused Mr. Madden's death. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 6

**TABLE OF AUTHORITIES**

**CASES**

Hamilton v. Segue Software, Inc., 232 F.3d 473, 477 (5th Cir. 2000). . . . . . .. . . . . . . .. . . . . 5

Williams v. Time Warner Operation, Inc., 98 F.3d 179, 181 (5th Cir. 1996).. . . . . . . . . . . . . . 5

**RULES**

FED. R. CIV. P. 56(c) . . . . . . .. . . . . .. . . . .. . .. . . . .. . .. . . . .. . . . .. . .. . . . . . . . . . . . . . . . . 5

I.         SUMMARY OF RESPONSE

1. Despite agreeing that the fact and circumstance surround the tragic death of Rashad Madden (hereinafter referred to as "Mr. Madden") was tragic, Defendants filed their Motion in attempt to escape liability from the tragic and preventable death of Mr. Rashad Madden. Despite the Defendants' efforts, the Court should deny the Defendants' Motion because there is a genuine issue of material fact as to the many negligent actions of Defendants, which seen together in its totality surrounding the incident, was excessive and a direct causation to Mr. Madden's unfortunate and untimely death.

II.        BRIEF FACTUAL SUMMARY AND PROCEDURAL HISTORY

2. The facts of this case, as the case has developed, are well-known at this point. Plaintiffs mostly agree with the facts presented in Defendants' Motion, however, Plaintiffs heavily disputes, what would be deemed the most important fact(s) surrounding the Incident. After the officers arrived to the scene, several officers (Plaintiffs' counsel was able to count at least five (5) officers) surrounded the van that Mr. Madden defenselessly was under. See COD 0006 at 4:55-5:25 mark. Officer Gribbon, immediately after jumping out the squad vehicle, runs to the scene of the Incident, gun already in hand. *Id.* Officer Gribbon then runs past several officers, who had their tasers in their hands, and positioned himself next to Sgt. Norsworthy, who also had his taser in hand. *Id.*

3. Officer Dudley did not know what was on Mr. Madden nor what Mr. Madden was doing under the van after he stated, "What the f*** is he doing?!" literally seconds before firing his gun. *Id*. After shotting his gun, Officer Gribbon then commands Mr. Madden to "drop the gun" and then regrettably saying "F***" under his breathe. *Id*. at 5:58-6:00 mark.

4.      Immediately after, if not simultaneously, Officer Gribbon negligently and reckless fired his gun, several officers utilized their tasers and tazed Mr. Madden at the same time.

5.      Mr. Madden was hit by at least three (3) tazer and subsequently passed away as a result of the incident.

### III.    ARGUMENT AND AUTHORIRIES DISPROVING DISMISSAL

**A.  Applicable Legal Standards for Summary Judgment Motions.**

6.      In deciding a motion for summary judgment, the district court must determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the summary judgment evidence, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). All evidence must be construed "in the light most favorable to the nonmoving party without weighing the evidence, assessing its probative value, or resolving any factual disputes." *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996).

7.      "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Factors to consider include, 'the severity of the crime at issue; whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second

judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation. Viewing the evidence in the light most favorable to the plaintiffs, Defendants' use of force against Mr. Madden was objectively unreasonable.

### B. Defendants' actions, together with other officers at the scene, caused Mr. Madden's death.

8. Here, as plead in Plaintiffs' Second Amended Petition, having several police officers discharge their tasers, if not simultaneously, very close in time together, is an extreme and deliberate indifference to the risk that a violation of a particular constitutional right. Here, as plead in Plaintiffs' Second Amended Petition, having two or more police officers discharge their tasers, if not simultaneously, very close in time together, immediately after another police officer discharged his firearm in and of itself shows that the training, and lack thereof, were present at the time of the incident and same played an integral part in the overall death of Mr. Madden. Therefore, for the reasons stated above, Plaintiffs respectfully request the Defendants' Motion be denied.

### IV. CONCLUSION

For the reasons mentioned above, the Plaintiffs respectfully prays the Court deny Defendants' Motion and award Plaintiffs any and all such other and further relief to which the Plaintiffs are justly entitled to.